**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BRIAN COURTNEY,

        Petitioner,

-vs-

SHERRY BURT,

        Respondent.
                              /

CASE NO. 06-CV-13767

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER
(1) DENYING PETITION FOR WRIT OF HABEAS CORPUS;
(2) DENYING A CERTIFICATE OF APPEALABILITY; AND
(3) DENYING LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

Brian Courtney ("Petitioner"), a Michigan prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2003 Wayne County Circuit Court convictions for:

(1)    Possession of less than 25 grams of marijuana (Mich. Comp. Laws. § 333.7403(2)(a)(v));

(2)    Possession of marijuana (Mich. Comp. Laws. § 333.7403(2)(d)); and

(3)    Possession of a firearm during the commission of a felony (Mich. Comp. Laws § 750.227b).

Having considered the entire record, and for the reasons that follow, the Court DISMISSES the petition for writ of habeas corpus, DENIES a certificate of appealability, and DENIES leave to proceed on appeal *in forma pauperis*.

**I.    BACKGROUND**

Petitioner was sentenced to concurrent terms of two years probation on the drug convictions, and a term of two years imprisonment on the felony firearm conviction. Petitioner was discharged from the drug conviction sentences on March 1, 2005, and from the felony

1

firearm conviction sentence on February 10, 2005.[1]

Petitioner's petition was filed by the Court on August 24, 2006. In his pleadings, he raises claims concerning the trial court judge's communications with the jury. Respondent has filed a Response, contending that the petition should be dismissed because Petitioner was not in custody pursuant to the challenged Wayne County convictions at the time he instituted this action.

**II.    ANALYSIS**

A federal court may only entertain a petition for a writ of habeas corpus on "behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphases added). When a sentence has fully expired, a habeas petitioner is no longer "in custody" for the offense and thus cannot file an application for habeas relief from that conviction. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

A prisoner need not be physically confined in jail or prison to challenge his conviction or sentence in a habeas corpus proceeding. *See Mabry v. Johnson*, 467 U.S. 504, 506 n. 3 (1984) (holding that a prisoner's § 2254 action was not moot despite the fact that he had been paroled); *see also Garlotte v. Fordice*, 515 U.S. 39, 45-47 (1995) (recognizing that a prisoner serving consecutive sentences is in custody for all of those sentences in the aggregate, and may attack the sentence scheduled to run first, even after it has expired, until all the consecutive sentences have been served). The United States Supreme Court has "never held however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction

---

[1]   Petitioner is currently incarcerated on Jackson County convictions for conducting a criminal enterprise and common law offenses for which he was sentenced to concurrent terms of 12 to 20 years imprisonment and three to five years imprisonment in 2006. Those convictions are not challenged in the instant petition.

2

has *fully expired* at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 491 (1989) (per curiam) (emphasis in original).

In this case, the record reveals that Petitioner was discharged from the drug conviction sentences on March 1, 2005, and from the felony firearm conviction sentence on February 10, 2005. (Resp. Br. 2). Petitioner thus fully served his drug and felony firearm sentences before he instituted this action in August 2006. Therefore, he is no longer in custody pursuant to those convictions and the Court lacks subject matter jurisdiction over any challenge to the constitutionality of those convictions.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37. When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

For the reasons stated, the Court concludes that jurists of reason would not find the dismissal of this action on jurisdictional grounds debatable. No certificate of appealability is warranted in this case, nor should Petitioner be granted leave to proceed on appeal *in forma pauperis* as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

### III. CONCLUSION

For the foregoing reasons, the Court hereby:

(1) **DISMISSES** the petition for writ of habeas corpus;

(2) **DENIES** a certificate of appealability; and

(3) **DENIES** leave to proceed on appeal *in forma pauperis*.

**SO ORDERED.**

                                        s/Paul D. Borman
                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE

Dated: December 18, 2007

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 18, 2007.

                                        s/Denise Goodine
                                        Case Manager